BAGWELL v. SHANKS et al.   (No. 2889.)*

(Court of Civil Appeals of Texas. Texarkana. March 18, 1924. Rehearing Denied March 20, 1924.)

1. Wills ⬥⬥38(2)—Delusion not affecting disposition of property by will held not to affect validity thereof.

That one at the time of making a will was the victim of a delusion that she was in communication with and was guided and controlled by spirits, held not to affect the validity of the will, unless the delusion influenced her to make a disposition of her property different from what she would otherwise have done.

2. Wills ⬥⬥55(10)—Evidence held to establish that disposition of property unaffected by delusion.

Evidence held to establish that, though testatrix at the time of executing a will may have been the victim of a delusion that she was in communication with and guided by spirits, the

disposition of her property was not affected by such delusion so as to render the will invalid.

Appeal from District Court, Houston County; W. R. Bishop, Judge.

In the matter of the estate of Bagwell. Will contest proceedings by Mrs. J. J. Shanks and others against C. W. Bagwell, proponent of will. From adverse decrees, proponent appeals. Reversed and rendered.

Moore & Ellis, of Crockett, for appellant.
Aldrich & Crook, of Crockett, for appellees.

WILLSON, C. J. Mrs. E. I. Bagwell died March 15, 1922, leaving a will dated and executed March 4, 1922, by which she devised a tract of land she owned to her son C. W. Bagwell, who is the appellant here. Appellees, children of the testatrix, contested the probate of the instrument when appellant offered it for that purpose, on the ground that the testatrix was mentally incapable of making a will at the time she executed the one in question. The contention was sustained in both the county and district courts, where judgments refusing to probate the will were rendered.

It appeared from testimony heard at the trial that Mrs. Bagwell was about 70 years old, and a sufferer from tuberculosis, when she died. She left eight or more children (all adults) surviving her. Whether she left any other property than the land devised to the appellant was not shown. Nor was the value of the property she left shown, except that it was stated to be $800 in the application to probate the will.

Mrs. Bagwell claimed that "spirits" communicated with and guided her. She was adjudged to be insane in 1917, and was then sent to one of the asylums for the insane maintained by the state, where she remained until August, 1919, when she was "discharged as improved." Thereafter, and until her death, she still insisted that "the spirits" advised and directed her.

The witness J. G. Webb, who wrote the will and was present when it was executed, testified that Mrs. Bagwell was then of sound mind, as did also A. B. Mulligan, one of the subscribing witnesses to the will, and Dr. G. R. Taylor, the physician who attended her during her last sickness. The testimony of the witnesses mentioned was corroborated by that of neighbors of Mrs. Bagwell, who had had opportunities to know about the condition of her mind. They all agreed that while she entertained the delusion as to spirits indicated, her mind was normal in other respects, and that she always displayed intelligence and good judgment in the management of her business affairs.

Three of nine witnesses who testified that Mrs. Bagwell was of unsound mind were her

sons, two were her daughters, and one was her daughter-in-law. None of the nine was present when the will was executed, and none of the mine except one of the daughters, who saw her about four weeks before she executed the will, had seen Mrs. Bagwell during many months immediately preceding the time she executed the will.

[1, 2] No useful purpose would be served by detailing and discussing the testimony at length. As we view it, it would have warranted a finding that Mrs. Bagwell was the victim of a delusion in believing, as she did, that she was in communication with and was guided and controlled by "spirits." But, unless the delusion influenced her to make a disposition of her property different from that she otherwise would have made, the fact that she entertained it did not affect the validity of the will. 1 Alex. on Wills, §§ 344, 345; 28 R. C. L. p. 102 et seq.; Owen v. Crumbaugh, 228 Ill. 380, 81 N. E. 1044, 119 Am. St. Rep. 442, 10 Ann. Cas. 606. There was no testimony indicating that she was influenced by the delusion in making the will as she did. On the contrary, the testimony that she devised the property to appellant because, as she declared at the time she executed the will, he "was the only one of her children that had ever helped her," was undisputed. As the testimony that Mrs. Bagwell was of sound mind, except for the delusion, also was practically undisputed, we think it is plain that the finding of the jury that at the time she executed the will she did not "have mental capacity sufficient to know what she desired to do with her property" was unwarranted. We think the contrary of the finding conclusively appeared from the testimony.

Therefore the judgment will be reversed, and judgment admitting the will to probate will be rendered here. Mills v. Mills (Tex. Civ. App.) 206 S. W. 100.